**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONNIE L. RUTHERFORD, JR.,

        Petitioner,

v.

ERIC RARDIN,

        Respondent.

_____/

Case No. 25-cv-11649
Hon. Jonathan J.C. Grey

<u>**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), GRANTING FIRST MOTION FOR LEAVE TO SUPPLEMENT (ECF No. 6), AND DENYING SECOND MOTION FOR LEAVE TO SUPPLEMENT (ECF No. 12)**</u>

**I.    INTRODUCTION**

On June 3, 2025, pro se Petitioner Ronnie L. Rutherford Jr. filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In the petition, he challenges the Federal Bureau of Prisons' determination that he is ineligible to earn credits toward his federal sentence under the First Step Act ("FSA"). (ECF No. 1.) Rutherford subsequently filed two motions for leave to supplement the petition. (ECF Nos. 6, 12.)

## II.   BACKGROUND

Rutherford was charged in a five-count indictment in the United States District Court for the Northern District of Indiana with multiple narcotics offenses under 21 U.S.C. § 841(a)(1). *United States v. Rutherford*, Northern District of Indiana No. 1:21-cr-00051, ECF No. 1. He pleaded guilty to Count 5 of the indictment in exchange for dismissal of Counts 1–4. *Id.*, ECF No. 25. The plea agreement provided that he was pleading guilty to "Count 5 of the Indictment charging [him] with possession with intent to distribute a controlled substance, including 40 grams or more of fentanyl and a mixture or substance containing a detectible amount of cocaine, in violation of 21 U.S.C. § 841(a)(1)...." *Id.*, ECF No. 25, at ¶ 8(a). Rutherford was sentenced to a 120-month prison term followed by an 8-year term of supervised release. *Id.*, ECF No. 50.

The Federal Bureau of Prisons ("BOP") determined that Rutherford is ineligible for FSA sentencing credits, and he is currently serving his sentence at FCI Milan. (ECF No. 10, PageID.297–298.)

## III.   JURISDICTION

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner

in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998); *see also Hall v. Eichenlaub*, 559 F. Supp. 2d 777, 779–780 (E.D. Mich. 2008).

A federal court has jurisdiction to adjudicate a § 2241 petition as long as two requirements are met: (1) the petitioner is "in custody," and (2) the custody violates "the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *see* 28 U.S.C. § 2241(c)(3).

## IV.   LEGAL ANALYSIS

### A.   FSA Sentencing Credits

In his petition, Rutherford challenges the BOP's determination that he is ineligible to earn credits toward his federal sentence under the FSA. (ECF No. 1.)

Under the FSA, prisoners who successfully participate in recidivism-reduction programs are entitled to receive credit toward early release or pre-release custody. *See* 18 U.S.C. §§ 3624(g), 3632(d)(4). Certain categories of prisoners, however, are categorically ineligible to receive those credits due to their conviction. *See* 18 U.S.C. § 3632(d)(4)(D).

As relevant to this case, a prisoner is ineligible to receive such credits if he or she is "serving a sentence for a conviction under …

> (lxvi) Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

18 U.S.C. § 3632 (d)(4)(D)(lxvi).

Rutherford's guilty plea agreement makes clear that he was convicted of an offense covered by this section—possession with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi). Given the clear language of 18 U.S.C. § 3632(d)(4)(D)(lxvi) (specifically, a conviction for violation of 21 U.S.C. § 841(b)(1)(B)(vi)), Rutherford is ineligible to receive FSA credits.

Rutherford asserts that his conviction alone does not make him ineligible for credits because the prohibition only applies where the defendant was "an organizer, leader, manager, or supervisor of others in the offense," or if the conviction "involved a substantial risk of death or serious bodily injury." (ECF No. 11, PageID.299.)

Rutherford is incorrect. His argument is based on the various ineligibility requirements found in 18 U.S.C. § 3632(d)(4)(D)(lviii), (lxv), (lxvii), and (lxviii). His conviction, by itself, makes him categorically ineligible to receive FSA credits under 18 U.S.C. § 3632(d)(4)(D)(lxvi). The sections Rutherford cites apply to different offenses involving different controlled substances or different amounts of controlled substances.[1]

Rutherford fails to show that the BOP erred in determining that he is ineligible to receive credits toward his federal sentence under the FSA. *See, e.g., Gonzalez v. Eischen*, No. 24-CV-3740 (LMP/LIB), 2024 WL 4884485 at *1 (D. Minn. Oct. 17, 2024) (denying similar habeas petition), R & R adopted, 2024 WL 4882737 (D. Minn. Nov. 25, 2024). Habeas relief is, thus, unwarranted.

## B.    First Motion to Supplement—Second Chance Act

In his first motion to supplement, Rutherford argues that the BOP's ineligibility determination is delaying the start of his 12-month period of

---

[1] For example, section 3632(d)(4)(D)(lxviii) applies to convictions under § 841(b)(1)(B) involving *less* than 40 grams of fentanyl, and it would then have required Rutherford to have been an "organizer, leader, manager, or supervisor" to be ineligible for credits. Because Rutherford's conviction involved 40 *or more* grams of fentanyl, the categorical prohibition of § 3632(d)(4)(D)(lxvi) applies instead.

pre-release custody under the Second Chance Act ("SCA"). (ECF No. 6.)

In addition to FSA sentencing credits, under the SCA, the BOP assesses each inmate to determine whether they might qualify for up to 365 days of early transfer to pre-release custody. The SCA gives the BOP the authority to determine an inmate's eligibility for such placement. *See* SCA of 2008, Pub. L. No. 110–199, § 251(a), 122 Stat. 657, 692–693 (April 9, 2008), 18 U.S.C. § 3624(c). The SCA provides that the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c).

BOP records seem to indicate that it has recommended that Rutherford receive the full 365-days of pre-release custody under the SCA. (ECF No. 10-1, PageID.298.)  The Court interprets Rutherford's arguments as asserting that, because he has been deemed ineligible for credits under the FSA, the start of his maximum 365-day placement in pre-release custody under the SCA is consequently being delayed. (ECF No. 6, PageID.244–246.) It does not appear to the Court that Rutherford

is arguing that the BOP has otherwise failed to consider him for pre-release custody under the SCA.

Accordingly, while the Court **GRANTS** Rutherford's motion to supplement (ECF No. 6), it finds that no independent violation of the SCA has been asserted.

### C. Second Motion to Supplement—Sentence Enhancement

In his second motion to supplement, Rutherford asserts that his sentence was illegally enhanced for being a career criminal under 21 U.S.C. § 851(a)(1). (ECF No. 12.)

Rutherford filed a post-conviction motion under 28 U.S.C. § 2255 in his criminal case raising this same claim. *See United States v. Rutherford*, Northern District of Indiana No. 1:21-cr-00051, ECF No. 56. The motion was denied. *Id.* ECF No. 57. Rutherford is pursuing an appeal of the denial in the Seventh Circuit. ECF No. 60.

Unlike his other claims, this claim challenges the length of Rutherford's sentence as opposed to the manner in which the sentence is being executed. Rutherford claims he may nevertheless bring the claim in this action under the savings clause of § 2255(e).

Ordinarily, "[a] federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255," not in a § 2241 petition. *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012). A limited exception to this rule is found in the "savings clause" of § 2255(e), which allows a federal prisoner to challenge the lawfulness of his conviction or sentence under § 2241 *only if* "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court," for example, if the sentencing court no longer exists. *Jones v. Hendrix*, 599 U.S. 465, 474, 478 (2023). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler*, 180 F.3d 753, 756 (1999). Rutherford does not assert any such unusual circumstance. His claim was considered and rejected by the Northern District of Indiana, and his appeal of that decision is pending in the Seventh Circuit.

Accordingly, the motion for leave to supplement is **DENIED** because the Court does not have jurisdiction to consider the claim.

## V.    CONCLUSION

For the reasons stated above, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus (ECF No.

8

1) and designates this case as **CLOSED**.

**IT IS FURTHER ORDERED** that the first motion for leave to supplement the petition is **GRANTED**. (ECF No. 6.) The Court notes that the information alleged in the supplement does *not* change the Court's analysis.

**IT IS FURTHER ORDERED** that the second motion for leave to supplement the petition is **DENIED**. (ECF No.12.)

Lastly, a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Rutherford need not request one from this Court or the United States Court of Appeals for the Sixth Circuit should he seek to appeal this decision.

**SO ORDERED.**

**s/Jonathan J.C. Grey**
Hon. Jonathan J.C. Grey
United States District Judge

Date: March 30, 2026

Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2026.

s/ S. Osorio
Sandra Osorio
Case Manager